IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUSY BEAVER BUILDING CENTERS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 20-219 ) |
| TODD A. MELVIN, INDIVIDUALLY AND TRADING AND DOING BUSINESS AS ALAN ENTERPRISES, A WEST VIRGINA GENERAL PARTNERSHIP; | ) ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Presently pending before the Court is Plaintiff Busy Beaver Building Centers, Inc.'s ("Busy Beaver") Motion for Leave to File Amended Complaint (ECF No. 17). In its Motion, Busy Beaver seeks leave to add a claim for unjust enrichment and add a request for punitive damages in connection with its defamation claim.

With respect to the proposed unjust enrichment claim, Busy Beaver asserts that because Defendant Todd Melvin ("Melvin") has denied the existence or enforceability of the contracts at issue, it seeks to add this claim in the alternative. It further contends that because its position is that the alleged defamatory statements were made with actual malice, it is entitled to seek punitive damages.

Melvin opposes the proposed amendments on the ground that both would be futile. With respect to the unjust enrichment claim, he argues that this equitable doctrine is inapplicable when the parties' relationship is based upon a contract which defines their rights and duties. He notes that Busy Beaver's original Complaint is clearly based on three separate agreements, and the claim asserted is that Melvin inadequately performed or failed to perform his duties under these

contracts.  As such, Busy Beaver is prohibited from seeking remedies that are available under quasi-contract.

Melvin also asserts that adding a punitive damages claim would be futile because Busy Beaver has failed to state a claim upon which relief may be granted.  According to Melvin, the defamation claim in Amended Complaint is deficient in multiple respects, and Busy Beaver has not alleged sufficient facts to state a claim under this legal theory.

Busy Beaver disputes that its proposed amendments are futile.  With respect to its proposed unjust enrichment claim, it contends that it may plead alternative theories of liability of breach of contract and unjust enrichment because Melvin's Answer to the original Complaint denies the validity and existence of these contracts.

Pleading in the alternative under Fed. R. Civ. P. 8(d)(2) is generally permissible and Busy Beaver is correct that alternative theories of breach of contract and unjust enrichment may be pleaded in certain circumstances.  "But pleading both breach of contract and unjust enrichment is plausible only when the validity of the contract itself is actually disputed, making unjust enrichment a potentially available remedy." *Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 170 n.8 (3d Cir. 2014).

Busy Beaver suggests that in his Answer, Melvin has challenged the validity of the three contracts at issue. It is accurate that Melvin denied multiple paragraphs in the Complaint that relate to the contracts identified in the original Complaint.  However, the Answer filed by Melvin specifically denies that the contracts attached to the Complaint are "true and complete" copies of the parties' agreements, and further, alleges that Busy Beaver's allegations regarding the contracts are "incomplete, inaccurate and mischaracterize the terms of the agreements for services" at the three locations referenced in the Complaint.  Moreover, Melvin's Counterclaim also relies upon

agreements between the parties, although he fails to attach the agreements as exhibits or otherwise provide any additional detail about their terms.

Thus, while Melvin may dispute Busy Beaver's allegations about the content, scope and completeness of the agreements attached to the Complaint, or how Busy Beaver has characterized their terms, he does not dispute that the parties entered into agreements. Because both parties agree that their relationship was based upon agreements for services to be performed by Melvin for Busy Beaver at three locations, a claim of unjust enrichment is not an available remedy. Therefore, Busy Beaver's motion to amend its complaint to assert an unjust enrichment claim will be denied.

Busy Beaver will be permitted to amend its Complaint to include a claim for punitive damages. This amendment is not futile. Busy Beaver correctly argues that it has pleaded actual malice by alleging that Melvin acted with knowledge that his statements were false and with the specific intent to harm Busy Beaver. *See Joseph v. Scranton Times L.P.*, 129 A.3d 404, 437 (Pa. 2015) ("[A]ctual malice requires at a minimum that statements were made with a reckless disregard for the truth."). Based upon these allegations, it may request punitive damages. *See id.* at 431. ("Plaintiff [is] required to show actual malice in order to recover presumed or punitive damages."). The Court further concludes that for purposes of notice pleading, the claim is adequately pled, and notes that Melvin did not move to dismiss the identical defamation claim asserted in the original Complaint. Moreover, amendment should be liberally granted when justice requires, and Melvin will sustain no undue prejudice as a result of the amendment of the form of relief, especially at this stage of the proceedings.

Therefore, it is ORDERED that Busy Beaver's Motion for Leave to File Amended Complaint is GRANTED in part. Busy Beaver may file an Amended Complaint that includes a

claim for punitive damages with respect to its defamation claim no later than August 7, 2020. The remaining relief requested is DENIED.

                                                BY THE COURT:

Dated:  July 29, 2020                        /s/ Patricia L. Dodge

                                        PATRICIA L. DODGE
                                        United States Magistrate Judge